UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

LAILA WIDAD,

                              Plaintiff,                    **MEMORANDUM & ORDER**
                                                                          15-CV-4312 (MKB)

                                v.

BROOKLYN PUBLIC LIBRARY and JANE DOE,

                              Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On July 22, 2015, Laila Widad, proceeding *pro se*, commenced this action against the Brooklyn Public Library ("BPL") and Jane Doe, an unnamed BPL employee, for damages arising from a physical altercation involving Plaintiff and Jane Doe. The Court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order and dismisses the Complaint. Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

**I. Background**

On or about July 14,[1] while visiting the BPL branch located at Mother Gaston Boulevard in Brooklyn, New York, Plaintiff informed the library's front desk that the women's restroom had no toilet paper. (Compl. 1.) At Plaintiff's request, a BPL employee at the front desk provided Plaintiff with paper towels. (*Id.*) As Plaintiff returned to the restroom, she overheard Jane Doe exclaim, "She's so rude, you should've given her nothing." (*Id.*) Soon thereafter, Plaintiff returned to the front desk to request additional paper towels and ask for Jane Doe's

---

[1] Plaintiff does not specify the year she visited the BPL.

name. (*Id.*) Jane Doe refused to provide her name. (*Id.*) At that time, although Plaintiff and Jane Doe were physically separated by a "laptop cart," Jane Doe told Plaintiff to "get out of her face," and stated, "You need to stop making yourself look like a fool." (*Id.*) Thereafter, Jane Doe began pushing the laptop cart towards Plaintiff. (*Id.*) Plaintiff tried to push the cart back towards Jane Doe, but Jane Doe continued pushing the cart "so hard" towards Plaintiff. (Compl. 2.) At some point, the incident ended and Plaintiff returned to the restroom. (*Id.*)

Eventually, Plaintiff spoke to a BPL manager who told Plaintiff that according to a witness, Plaintiff "got into [Jane Doe's] face." (*Id.*) Plaintiff asserts that someone "made this 'witness' up," and, at the time, Plaintiff tried to show the manager that she and Jane Doe had been separated by the laptop cart and, therefore, "it would be impossible for [Plaintiff] to be 'in her face.'" (*Id.*) As Plaintiff demonstrated this for the manager, Jane Doe began attacking Plaintiff again, and "started to hit [Plaintiff] with the laptop table again." (*Id.*) Plaintiff asserts that the "last time [Jane Doe] pushed the lap[top] table at [Plaintiff] . . . [Jane Doe] got up," which then caused Plaintiff to get "so angry, that [she] walked up to [Jane Doe] to yell at her . . . ." (*Id.*) Thereafter, Jane Doe continued attacking Plaintiff, pulling her hair and injuring her head. (*Id.*) According to Plaintiff, she spoke with the police, but they refused to do anything because they believed Plaintiff was involved in a fight. (*Id.*) In light of these events, Plaintiff seeks damages in the amount of three million dollars. (*Id.*)

**II. Discussion**

    **a. Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Additionally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

  **b. The court lacks subject matter jurisdiction over Plaintiff's state law claims**

Plaintiff appears to attempt to allege common law claims for assault, battery or another intentional tort. However, the Complaint fails to plead the Court's subject matter jurisdiction over such claims.

Federal-question jurisdiction gives federal courts jurisdiction over "all civil actions

3

arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). Additionally, courts may exercise jurisdiction over state law claims where plaintiff and defendant are of diverse citizenship, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (Diversity jurisdiction exists "between, *inter alia,* 'citizens of a State and citizens or subjects of a foreign state.'" (quoting 28 U.S.C. § 1332(a))). However, before the Court may exercise subject matter jurisdiction, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir.), *as amended*, (Nov. 12, 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that Lovejoy and the defendant resided in New York, thereby precluding diversity jurisdiction."). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Bayerische Landesbank*, 692 F.3d at 48.

Here, to the extent Plaintiff seeks to bring state law claims against the BPL and Jane Doe, the Court lacks diversity jurisdiction over such claims as the parties are not diverse. The BPL is a corporation chartered by the New York State legislature and operating exclusively in New York State. *See* BPL, Articles of Incorporation, *available at* http://www.bklynlibrary.org/sites/default/files/files/pdf/trustees/Articles-of-Incorporation.pdf; *Brooklyn Pub. Library v. City of*

*New York*, 250 N.Y. 495, 497–501 (1929) (detailing the founding and history of the BPL).[2] As a result, the BPL is a citizen of New York. According to the Complaint, Plaintiff is also a citizen of New York. (Compl. 1.) Although Plaintiff does not allege Jane Doe's citizenship, even if she was not a citizen of New York, the lack of complete diversity between Plaintiff and the BPL destroys any basis for the Court to exercise diversity jurisdiction over Plaintiff's claims as currently pleaded. *See Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117–18. Accordingly, Plaintiff's state law claims are dismissed.[3]

### c. Plaintiff has failed to state a federal claim pursuant to 42 U.S.C. § 1983

Liberally construing the Complaint, Plaintiff attempts to allege a federal claim under 42 U.S.C. § 1983. Although the Court has subject matter jurisdiction over claims brought pursuant to section 1983, Plaintiff's allegations in the Complaint fail to state a section 1983 claim.

A claim for relief pursuant to 42 U.S.C. § 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983. Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat. Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*,

---

[2] The BPL's website makes its Articles of Incorporation publicly available. The Court takes judicial notice of these documents, and may consider them in determining whether the Court has subject matter jurisdiction. *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, --- F. Supp. 3d ---, ---, 2015 WL 5122590, at *8 (S.D.N.Y. Aug. 31, 2015) ("[F]or purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination."); *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 347 (S.D.N.Y. 2014) ("This Court . . . may take judicial notice of the information contained on Defendant's own website.").

[3] Plaintiff alleges that "[t]he jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1391." (Compl. 1.) Section 1391, however, addresses the proper venue in which Plaintiff may bring her action if the requisite subject matter jurisdiction exists. 28 U.S.C. § 1391.

5

526 U.S. 40, 49–50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted) (quoting *United States v. Int'l. Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir.1991)).

The conduct of a nominally private entity may be attributed to the state, satisfying the state action requirement, if:

> (1) the entity acts pursuant to the "coercive power" of the state or is "controlled" by the state ("the compulsion test"); (2) when the state provides "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the [s]tate," or the entity's functions are "entwined" with state policies ("the joint action test" or "close nexus test"); or (3) when the entity "has been delegated a public function by the [s]tate," ("the public function test").

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (alterations in original) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)); *see Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) ("The question is whether the private actor's conduct has sufficiently received the imprimatur of the State so as to render it an action of the State for purposes of § 1983." (citation and internal quotation marks omitted)). Each of the three avenues requires a fact-specific inquiry into the challenged conduct, and in order to find state action, a court must determine that the specific actions of which a plaintiff complains can be fairly deemed that of the state. *See Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 265 (2d Cir. 2014) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S.

149, 159 (1978)) (examining public function test, noting that the function performed by the private entity must have historically been "an exclusive prerogative" of the state); *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491–92 (2d Cir. 2009) (examining joint action test, noting that state action cannot be premised solely on subjection to state regulation, funding, licensing or even state creation); *Lynch v. Southampton Animal Shelter Found. Inc.*, 971 F. Supp. 2d 340, 349–50 (E.D.N.Y. 2013) (examining compulsion test).

Plaintiff has not alleged any facts from which the Court could infer that the BPL is a state actor under any of these tests. Moreover, several courts in this Circuit had found that the BPL and other public libraries are not state actors for purposes of section 1983 liability. *See Neptune v. Brooklyn Pub. Library*, No. 12-CV-5948, 2012 WL 6094140, at *2 (E.D.N.Y. Dec. 7, 2012) ("[T]he Brooklyn Public Library does not act under color of state law." (citing *Breytman v. N.Y. Pub. Library*, No. 05-CV-10453, 2007 WL 541693, at *2 (S.D.N.Y. Feb. 21, 2007))); *Breytman*, 2007 WL 541693, at *2 ("[T]he New York City Library is not a governmental institution." (citations omitted); *Gilliard v. N.Y. Pub. Library Sys.*, 597 F. Supp. 1069, 1074–75 (S.D.N.Y. 1984) ("[Plaintiff's] bare assertion that the Library is a 'quasi-governmental entity' is not enough to overcome a judicial determination of the Library's independence from the State." (citing *N.Y. Pub. Library v. PERB*, 357 N.Y.S.2d 522, 525 (App. Div. 1974), *aff'd*, 374 N.Y.S.2d 625 (1975))).

Here, because Plaintiff fails to allege that the BPL or Jane Doe were state actors, Plaintiff fails to state a section 1983 claim against the BPL and Jane Doe. Accordingly, to the extent Plaintiff attempts to bring a section 1983 claim against Defendants, it is dismissed.

### d. Leave to amend

Mindful of Plaintiff's *pro se* status, the Court grants Plaintiff thirty (30) days from the

7

date of this Memorandum and Order to amend her Complaint to allege either this Court's subject matter jurisdiction over her common law claims or to state a plausible claim pursuant to 42 U.S.C. § 1983.

### III. Conclusion

For the reasons stated above, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to re-plead her Complaint as specified above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: November 13, 2015
Brooklyn, New York