UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

LAILA WIDAD,

                       Plaintiff,            **MEMORANDUM & ORDER**
                                                 15-CV-4312 (MKB)

       v.

BROOKLYN PUBLIC LIBRARY and JANE DOE,

                       Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        On July 22, 2015, Plaintiff Laila Widad, proceeding *pro se*, commenced the
above-captioned action against Defendants the Brooklyn Public Library ("BPL") and Jane Doe,
an unnamed BPL employee, for damages arising from a physical altercation involving Plaintiff
and Jane Doe.  By Memorandum and Order dated November 13, 2015, the Court granted
Plaintiff's request to proceed *in forma pauperis* ("IFP"), dismissed the Complaint, and granted
Plaintiff leave to file an amended complaint within thirty (30) days (the "November 2015
Decision").  (Mem. and Order dated Nov. 13, 2015, Docket Entry No. 6.)  Thereafter, Plaintiff
filed two letters, which the Court liberally construes together to be an Amended Complaint.
(Letter dated Dec. 11, 2015 ("Pl. Dec. 11 Ltr."), Docket Entry No. 8; Letter dated Dec. 14, 2015
("Pl. Dec. 14 Ltr."), Docket Entry No. 9.)  Because the Amended Complaint fails to cure the
deficiencies from the Complaint, the Court dismisses the Amended Complaint.

## I.    Background

        On or about July 14, 2015, Plaintiff visited the BPL branch located at Mother Gaston
Boulevard, in Brooklyn, New York.  (Pl. Dec. 14 Ltr. 1.)  While at the BPL branch, Plaintiff
asked an unnamed librarian what her name was.  (*Id.*)  According to Plaintiff, the librarian then

began attacking Plaintiff, by kicking Plaintiff and striking her with a desk. (*Id.*) Plaintiff yelled for the librarian to stop, and when she eventually did stop, Plaintiff yelled at the librarian for what she had done. (*Id.*) Thereafter, the librarian attacked Plaintiff again, pulling Plaintiff's hair and throwing her towards a wall. (*Id.*) As a result of the attacks, Plaintiff has suffered extreme mental trauma, headaches and numerous "lumps." (*Id.*)

## II. Discussion

### a. The Amended Complaint does not state a section 1983 claim

In light of Plaintiff's *pro se* status, the Court liberally construes the Amended Complaint as seeking to allege a federal claim under 42 U.S.C. § 1983. However, the Amended Complaint fails to cure the deficiencies identified by the Court in the November 2015 Decision as stating a section 1983 claim.

Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat. Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citation omitted)); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972). Accordingly, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

The conduct of a nominally private entity may be attributed to the state, satisfying the state action requirement, if:

> (1) the entity acts pursuant to the "coercive power" of the state or is
> "controlled" by the state ("the compulsion test"); (2) when the state

> provides "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the [s]tate," or the entity's functions are "entwined" with state policies ("the joint action test" or "close nexus test"); or (3) when the entity "has been delegated a public function by the [s]tate," ("the public function test").

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (alterations in original) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)); *see Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) ("The question is whether the private actor's conduct has sufficiently received the imprimatur of the State so as to render it an action of the State for purposes of § 1983." (citation and internal quotation marks omitted)). Each of the three avenues requires a fact-specific inquiry into the challenged conduct, and in order to find state action, a court must determine that the specific actions of which a plaintiff complains can be fairly deemed that of the state. *See Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 265 (2d Cir. 2014) (examining public function test, noting that the function performed by the private entity must have historically been "an exclusive prerogative" of the state (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 159 (1978))); *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491–92 (2d Cir. 2009) (examining joint action test, noting that state action cannot be premised solely on subjection to state regulation, funding, licensing or even state creation); *Lynch v. Southampton Animal Shelter Found. Inc.*, 971 F. Supp. 2d 340, 349–50 (E.D.N.Y. 2013) (examining compulsion test).

Despite filing an Amended Complaint, Plaintiff still fails to allege any facts from which the Court could infer that the BPL is a state actor. As noted in the November 13 Decision, several courts have found that the BPL and other public libraries are not state actors for purposes of section 1983 liability. *See Neptune v. Brooklyn Pub. Library*, No. 12-CV-5948, 2012 WL 6094140, at *2 (E.D.N.Y. Dec. 7, 2012) ("[T]he Brooklyn Public Library does not act under color of state law." (citing *Breytman v. N.Y. Pub. Library*, No. 05-CV-10453, 2007 WL 541693,

at *2 (S.D.N.Y. Feb. 21, 2007))); *Breytman*, 2007 WL 541693, at *2 ("[T]he New York City Library is not a governmental institution." (citations omitted)); *Gilliard v. N.Y. Pub. Library Sys.*, 597 F. Supp. 1069, 1074–75 (S.D.N.Y. 1984) ("[Plaintiff's] bare assertion that the Library is a 'quasi-governmental entity' is not enough to overcome a judicial determination of the Library's independence from the State." (citing *N.Y. Pub. Library v. PERB*, 357 N.Y.S.2d 522, 525 (App. Div. 1974), *aff'd*, 374 N.Y.S.2d 625 (1975))).

Because Plaintiff fails to allege that the BPL or Jane Doe were state actors, the Court dismisses any section 1983 claims against the BPL and Jane Doe arising from the July 2015 attack.

### b. The Court lacks subject matter jurisdiction over Plaintiff's remaining state law claims

The Amended Complaint alleges New York State law claims for assault, battery or another intentional tort. However, Plaintiff's Amended Complaint, like the initial Complaint, fails to establish the Court's subject matter jurisdiction over such claims.

Federal-question jurisdiction gives federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). In addition, courts may exercise jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (Diversity jurisdiction exists "between, *inter alia,* 'citizens of a State and citizens or subjects of a foreign state.'" (quoting 28 U.S.C. § 1332(a))). However, before a federal court may exercise subject matter jurisdiction, there must be complete diversity of citizenship between all plaintiffs and all

defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir.), *as amended*, (Nov. 12, 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that Lovejoy and the defendant resided in New York, thereby precluding diversity jurisdiction."). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Bayerische Landesbank*, 692 F.3d at 48.

Here, the Court lacks diversity jurisdiction over Plaintiff's claims against the BPL and Jane Doe because nothing on the face of the Amended Complaint suggests that these parties are diverse. As noted in the November 2015 Decision, the BPL is a corporation chartered by the New York State legislature and operating exclusively in New York State. *See* BPL, Articles of Incorporation, *available at* http://www.bklynlibrary.org/sites/default/files/files/pdf/trustees/Articles-of-Incorporation.pdf; *Brooklyn Pub. Library v. City of New York*, 250 N.Y. 495, 497–501 (1929) (detailing the founding and history of the BPL).[1] As a result, the BPL is a citizen of New York. The Amended Complaint does not indicate Plaintiff's residence, but the initial Complaint alleged that she is also a citizen of New York. (Compl. 1.) As in the Complaint, the Amended Complaint does not allege Jane Doe's citizenship; however, even if

---

[1] The BPL's website makes its Articles of Incorporation publicly available. The Court takes judicial notice of these documents, and may consider them in determining whether the Court has subject matter jurisdiction. *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, --- F. Supp. 3d ---, ---, 2015 WL 5122590, at *8 (S.D.N.Y. Aug. 31, 2015) ("[F]or purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination."); *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 347 (S.D.N.Y. 2014) ("This Court . . . may take judicial notice of the information contained on Defendant's own website.").

Jane Doe was not a citizen of New York, the lack of complete diversity between Plaintiff and the BPL precludes diversity jurisdiction over these claims. *See Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117–18. Accordingly, the Amended Complaint is dismissed.

## III. Conclusion

For the reasons stated above, the Amended Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: April 12, 2016
        Brooklyn, New York